UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-11721 RGS

| | |
|---|---|
| WILLIAM B. EGAN, III ) | |
| ) | Cohen |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| BECHTEL CORPORATION, ) | RECEIPT # _____ |
| PARSONS, BRINKERHOFF, QUADE ) | AMOUNT $ _____ |
| AND DOUGLAS, INCORPORATED, and ) | SUMMONS ISSUED N/A |
| DYWIDAG SYSTEMS ) | LOCAL RULE 4.1 _____ |
| INTERNATIONAL ) | WAIVER FORM _____ |
| ) | MCF ISSUED _____ |
| Defendants. ) | BY DPTY. CLK. _____ |
| ) | DATE 8/5/04 |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

TO:   Chief Judge and Judges of the
      United States District Court
      For the District of Massachusetts

Defendant Dywidag Systems International, U.S.A., Inc. ("Dywidag"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 in connection with the above-captioned action. As grounds for its Notice of Removal, Dywidag states as follows:

1.   This action was commenced in the Suffolk Superior Court and is now pending before that court.

2.   As appears from the docket, files, and records of the Suffolk Superior Court, a civil action was commenced on or about March 8, 2004, and was later amended on or about July 1, 2004 to add Dywidag as a defendant. The original summons and amended complaint were served on Dywidag via certified mail, return receipt requested.

The certified letter was dated July 6, 2004 and received by Dywidag on or about July 7, 2004. A copy of the amended complaint is attached hereto as Exhibit A.

3.  This civil action arises out of personal injuries allegedly sustained by the plaintiff, William B. Egan, III ("the plaintiff") in an industrial accident on or about June 29, 2002. At the time of the accident, the plaintiff was an employee of Modern Continental Construction Company working on the Central Artery Tunnel Project. Specifically, the plaintiff alleges that he sustained permanent injuries while using thread bar stressing equipment manufactured by Dywidag. The plaintiff allegedly sustained fractures of the temple and facial area, and a plate had to be inserted in the upper lip and right cheek.

4.  The plaintiff states in his amended complaint that he is a resident of Middleborough, Plymouth County, Massachusetts.

5.  On information and belief, defendant Bechtel Corporation is a Nevada corporation with a principal place of business at 50 Beale Street, San Francisco, California.

6.  On information and belief, defendant Parsons, Brinkerhoff, Quade and Douglas, Incorporated is a New York corporation with a principal place of business at One Penn Plaza, New York, New York.

7.  Dywidag is a New York corporation with a principal place of business at 320 Marmon Drive, Bolingbrook, Illinois.

8.  Jurisdiction of the Federal Court is founded on the complete diversity of citizenship between the plaintiff and the defendants. Given the plaintiff's allegations,

Dywidag believes that the amount in controversy exceeds $75,000 exclusive of interests and costs. The co-defendants consent to the removal.

9. This Notice of Removal is filed within thirty (30) days of receipt of the amended complaint in this action by Dywidag.

WHEREFORE, Dywidag requests that this action be removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts.

>
> DYWIDAG SYSTEMS INTERNATIONAL, U.S.A., Inc.
> By its attorneys,
>
> CAMPBELL CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION,
>
> */s/ Kathleen M. Guilfoyle*
> James M. Campbell (BBO# 541882)
> Kathleen M. Guilfoyle (BBO# 546512)
> One Constitution Plaza
> Boston, MA 02129
> (617) 241-3000

DATED: August 4, 2004

## CERTIFICATE OF SERVICE

I certify that on August 4, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171

William J. Dailey, Jr., Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA  02108

_____
Kathleen M. Guilfoyle

4

# EXHIBIT A

Case 1:04-cv-11721-RGS   Document 1   Filed 08/04/2004   Page 5 of 10

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                           SUPERIOR COURT
                                                       CIVIL ACTION NO.: 04-1006

WILLIAM B. EGAN, III,

    Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINCKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,

    Defendants.

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The plaintiff, William B. Egan, III ("Mr. Egan") is a resident of Middleborough, Plymouth County, Commonwealth of Massachusetts.

2. ~~The defendant, Bechtel Corporation ("Bechtel") is a corporation organized under the laws of~~ the state of Nevada, with a principal place of business at 50 Beale Street, San Francisco, California.

3. The defendant, Parsons, Brinckerhoff, Quade and Douglas, Incorporated ("Parsons-Brinckerhoff") is a corporation organized under the laws of the state of New York, with a principal place of business at One Penn Plaza, New York, New York.

4. The defendants, Bechtel and Parsons-Brinckerhoff are a Joint Venture organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at One South Station, Boston, Suffolk County, Massachusetts.

5. Upon information and belief the defendant, Dywidag Systems International ("DSI"), is a New York corporation with a principal place of business at 116 South River Road, Suite D4, Bedford, NH 03110.

## FACTUAL ALLEGATIONS

6. On or about June 29, 2002, Mr. Egan was acting within the scope of his employment with Modern Continental Construction Company, Inc., when he suffered permanent injuries in an industrial accident ("the accident") on a job site commonly referred to at the Central Artery Tunnel project ("CA/T project").

7. The defendants, Bechtel and Parsons-Brinckerhoff had contracted with DSI for the provision of certain equipment ("VSL") to be used on the CA/T project which Mr. Egan was using at the time of the accident.

8. Employees on the CA/T project, including Mr. Egan, used the VSL to attach certain couplings to connect various components of sections of roadway on the CA/T project.

9. All three of the defendants failed properly to instruct, oversee, warn and supervise employees on the CA/T project, including Mr. Egan, as to the proper method of using, installing, maintaining, calibrating, recording, and connecting the couplings with the VSL.

## COUNT I

10. Mr. Egan incorporates by reference the allegations in paragraphs 1 through 9, inclusive, as if specifically set forth herein.

11. As a direct and proximate result of the joint and several negligence of all three defendants, Mr. Egan has suffered damages.

WEREFORE; The plaintiff, William B. Egan, III, demands judgment against the three defendants, jointly and severally, in an amount the court deems reasonable and just to compensate him for the accident, together with interest and costs.

## COUNT II

12. Mr. Egan incorporates by reference the allegations in paragraphs 1 through 9, inclusive, as if specifically set forth herein.

13. In its contract for the CA/T, DSI agreed to "preserve and protect from injury all property and persons which may be affected by its operations [there]under and ... be fully responsible for all damages or expenses to any person or any property arising from or in consequence of any act or omission of [DSI]."

14. DSI materially breached its contract for the CA/T in failing adequately to instruct, warn, and otherwise discharge its obligations to Modern Continental and its employees, including Mr. Egan.

WEREFORE; The plaintiff, William B. Egan, III, demands judgment against Dywidag Systems

International for all of his consequential damages resulting from the accident, together with attorneys fees, interest, and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PURSUANT TO MASS. R. CIV. P. 38**

The Plaintiff,
William B. Egan, III,
By his attorneys,

_____
Thomas R. Murphy, BBO No. 546759
GIARRUSSO, NORTON, COOLEY
& McGLONE, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

DATED: June 14, 2004

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   William G. Egan III v Bentel Corporation, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Kathleen M. Guilfoyle
                  Campbell Campbell Edwards & Conroy
ADDRESS           One Constitution Plaza, Boston, MA 02129
TELEPHONE NO.     617-241-3000

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William B. Egan, III

## DEFENDANTS
Bechtel Corporation, et al.

(b) County of Residence of First Listed Plaintiff: Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas R. Murphy, Esq.
Giarrusso Norton Cooley & McGlone, PC
Marina Bay, 308 Victory Road
Quincy, MA 02171
617-770-2900

Attorneys (If Known)
Kathleen M. Guilfoyle, Esq.
Campbell Campbell Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02120
617-241-3000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [x] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | LABOR | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General / [ ] 535 Death Penalty | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 740 Railway Labor Act | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 555 Prison Condition | [ ] 791 Empl. Ret. Inc. Security Act | |
| | | | FEDERAL TAX SUITS | |
| | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | [ ] 871 IRS Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges personal injuries as a result of defendants' alleged defective product. There is complete diversity of the parties pursuant to 28 U.S.C. 1332.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 8/4/04    SIGNATURE OF ATTORNEY OF RECORD: Kathleen M. Guilfoyle

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____