*Suffolk Superior Civil # 04-1006*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*U. S. DIST. # 04-11721 RGS*

|  |  |
|---|---|
| WILLIAM B. EGAN, III<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL CORPORATION,<br>PARSONS, BRINKERHOFF, QUADE<br>AND DOUGLAS, INCORPORATED, and<br>DYWIDAG SYSTEMS<br>INTERNATIONAL<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

TO:   Chief Judge and Judges of the
United States District Court
For the District of Massachusetts

Defendant Dywidag Systems International, U.S.A., Inc. ("Dywidag"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 in connection with the above-captioned action. As grounds for its Notice of Removal, Dywidag states as follows:

1.   This action was commenced in the Suffolk Superior Court and is now pending before that court.

2.   As appears from the docket, files, and records of the Suffolk Superior Court, a civil action was commenced on or about March 8, 2004, and was later amended on or about July 1, 2004 to add Dywidag as a defendant. The original summons and amended complaint were served on Dywidag via certified mail, return receipt requested.

The certified letter was dated July 6, 2004 and received by Dywidag on or about July 7, 2004. A copy of the amended complaint is attached hereto as <u>Exhibit A</u>.

3. This civil action arises out of personal injuries allegedly sustained by the plaintiff, William B. Egan, III ("the plaintiff") in an industrial accident on or about June 29, 2002. At the time of the accident, the plaintiff was an employee of Modern Continental Construction Company working on the Central Artery Tunnel Project. Specifically, the plaintiff alleges that he sustained permanent injuries while using thread bar stressing equipment manufactured by Dywidag. The plaintiff allegedly sustained fractures of the temple and facial area, and a plate had to be inserted in the upper lip and right cheek.

4. The plaintiff states in his amended complaint that he is a resident of Middleborough, Plymouth County, Massachusetts.

5. On information and belief, defendant Bechtel Corporation is a Nevada corporation with a principal place of business at 50 Beale Street, San Francisco, California.

6. On information and belief, defendant Parsons, Brinkerhoff, Quade and Douglas, Incorporated is a New York corporation with a principal place of business at One Penn Plaza, New York, New York.

7. Dywidag is a New York corporation with a principal place of business at 320 Marmon Drive, Bolingbrook, Illinois.

8. Jurisdiction of the Federal Court is founded on the complete diversity of citizenship between the plaintiff and the defendants. Given the plaintiff's allegations,

Dywidag believes that the amount in controversy exceeds $75,000 exclusive of interests and costs. The co-defendants consent to the removal.

9.  This Notice of Removal is filed within thirty (30) days of receipt of the amended complaint in this action by Dywidag.

WHEREFORE, Dywidag requests that this action be removed from the Suffolk Superior Court to the United States District Court for the District of Massachusetts.

> I HEREBY ATTEST AND CERTIFY ON
> AUGUST 9, 2004, THAT THE
> FOREGOING DOCUMENT IS A FULL,
> TRUE AND CORRECT COPY OF THE
> ORIGINAL ON FILE IN MY OFFICE,
> AND IN MY LEGAL CUSTODY.
>
> MICHAEL JOSEPH DONOVAN
> CLERK / MAGISTRATE
> SUFFOLK SUPERIOR CIVIL COURT
> DEPARTMENT OF THE TRIAL COURT
> BY: _____
> ASSISTANT CLERK.

DYWIDAG SYSTEMS INTERNATIONAL, U.S.A., Inc.
By its attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, PROFESSIONAL CORPORATION,

_____
James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED: August 4, 2004

## CERTIFICATE OF SERVICE

I certify that on August 4, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171

William J. Dailey, Jr., Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA  02108

Kathleen M. Guilfoyle

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPERIOR COURT
                                              CIVIL ACTION NO.: 04-1006

WILLIAM B. EGAN, III,

    Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,

    Defendants.

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

#### PARTIES

1. The plaintiff, William B. Egan, III ("Mr. Egan") is a resident of Middleborough, Plymouth County, Commonwealth of Massachusetts.

2. The defendant, Bechtel Corporation ("Bechtel") is a corporation organized under the laws of the state of Nevada, with a principal place of business at 50 Beale Street, San Francisco, California.

3. The defendant, Parsons, Brinckerhoff, Quade and Douglas, Incorporated ("Parsons-Brinckerhoff") is a corporation organized under the laws of the state of New York, with a principal place of business at One Penn Plaza, New York, New York.

4. The defendants, Bechtel and Parsons-Brinckerhoff are a Joint Venture organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at One South Station, Boston, Suffolk County, Massachusetts.

5. Upon information and belief the defendant, Dywidag Systems International ("DSI"), is a New York corporation with a principal place of business at 116 South River Road, Suite D4, Bedford, NH 03110.

## FACTUAL ALLEGATIONS

6. On or about June 29, 2002, Mr. Egan was acting within the scope of his employment with Modern Continental Construction Company, Inc., when he suffered permanent injuries in an industrial accident ("the accident") on a job site commonly referred to at the Central Artery Tunnel project ("CA/T project").

7. The defendants, Bechtel and Parsons-Brinckerhoff had contracted with DSI for the provision of certain equipment ("VSL") to be used on the CA/T project which Mr. Egan was using at the time of the accident.

8. Employees on the CA/T project, including Mr. Egan, used the VSL to attach certain couplings to connect various components of sections of roadway on the CA/T project.

9. All three of the defendants failed properly to instruct, oversee, warn and supervise employees on the CA/T project, including Mr. Egan, as to the proper method of using, installing, maintaining, calibrating, recording, and connecting the couplings with the VSL.

## COUNT I

10. Mr. Egan incorporates by reference the allegations in paragraphs 1 through 9, inclusive, as if specifically set forth herein.

11. As a direct and proximate result of the joint and several negligence of all three defendants, Mr. Egan has suffered damages.

WEREFORE; The plaintiff, William B. Egan, III, demands judgment against the three defendants, jointly and severally, in an amount the court deems reasonable and just to compensate him for the accident, together with interest and costs.

## COUNT II

12. Mr. Egan incorporates by reference the allegations in paragraphs 1 through 9, inclusive, as if specifically set forth herein.

13. In its contract for the CA/T, DSI agreed to "preserve and protect from injury all property and persons which may be affected by its operations [there]under and ... be fully responsible for all damages or expenses to any person or any property arising from or in consequence of any act or omission of [DSI]."

14. DSI materially breached its contract for the CA/T in failing adequately to instruct, warn, and otherwise discharge its obligations to Modern Continental and its employees, including Mr. Egan.

WEREFORE; The plaintiff, William B. Egan, III, demands judgment against Dywidag Systems

-2-

International for all of his consequential damages resulting from the accident, together with attorneys fees, interest, and costs.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES PURSUANT TO MASS. R. CIV. P. 38**

The Plaintiff,
William B. Egan, III,
By his attorneys,

_____
Thomas R. Murphy, BBO No. 546759
**GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.**
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

DATED: June 14, 2004

-3-

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                                CIVIL ACTION NO.: 04-1006

WILLIAM B. EGAN, III           )
                               )
         Plaintiff,            )
                               )
v.                             )
                               )
BECHTEL CORPORATION,           )
PARSONS, BRINKERHOFF, QUADE    )
AND DOUGLAS, INCORPORATED, and )
DYWIDAG SYSTEMS                )
INTERNATIONAL                  )
                               )
         Defendants.           )
                               )

## NOTICE OF REMOVAL

TO:   Civil Clerk's Office
      Suffolk Superior Court
      810 US Post Office & Courthouse
      90 Devonshire Street
      Boston, MA  02109

      Thomas R. Murphy, Esq.
      Giarrusso, Norton, Cooley & McGlone, P.C.
      Marina Bay
      308 Victory Road
      Quincy, MA  02171

      William J. Dailey, Jr., Esq.
      Sloane & Walsh
      Three Center Plaza
      Boston, MA  02108

      Please take notice that the defendant, Dywidag Systems International, U.S.A.,

Inc., has on the 4th day of August, 2004, filed a Notice of Removal pursuant to 28 U.S.C.

sec. 1441 et seq., containing a statement of facts which entitle it to remove the case to the United States District Court, District of Massachusetts.

A copy of the Notice of Removal filed with the United States District Court has been filed together with this notice.

DYWIDAG SYSTEMS INTERNATIONAL,
U.S.A., Inc.
By its attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION,

*[signature]*
James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

DATED: August 4, 2004

## CERTIFICATE OF SERVICE

I certify that on August 4, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA 02171

William J. Dailey, Jr., Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA 02108

*[signature]*
Kathleen M. Guilfoyle

2