UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM B. EGAN, III<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL CORPORATION,<br>PARSONS, BRINKERHOFF, QUADE<br>AND DOUGLAS, INCORPORATED, and<br>DYWIDAG SYSTEMS<br>INTERNATIONAL<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.: 04-11721-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND JURY DEMAND OF DEFENDANT
### DYWIDAG SYSTEMS INTERNATIONAL, U.S.A., INC.

Defendant Dywidag Systems International, U.S.A., Inc. ("Dywidag") responds as follows to the Amended Complaint of plaintiff William B. Egan, III ("the plaintiff").

### PARTIES

1.    Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Amended Complaint and, therefore, denies same.

2.    Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Amended Complaint and, therefore, denies same.

3.    Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Amended Complaint and, therefore, denies same.

4.    Dywidag states that the averments contained in Paragraph 4 of the Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Dywidag is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Amended Complaint and, therefore, denies same.

5.    Dywidag admits that it is a New York corporation and denies the remaining averments contained in Paragraph 5 of the Amended Complaint.

6.    Dywidag states that the averments contained in Paragraph 6 of the Amended Complaint contain legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Dywidag is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Amended Complaint.

7.    Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Amended Complaint and, therefore, denies same.

8.    Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Amended Complaint.

9.    Dywidag denies the averments contained in Paragraph 9 of the Amended Complaint to the extent that they are directed at Dywidag. Further responding, Dywidag

2

is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Amended Complaint.

## COUNT I

10.     Dywidag repeats and incorporates by reference herein its responses to the averments in Paragraphs 1 through 9 of the Amended Complaint, inclusive, as if specifically set forth herein.

11.     Dywidag denies the averments contained in Paragraph 11 of Count I the Amended Complaint to the extent that they are directed at Dywidag. Further responding, Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 11 of Count I of the Amended Complaint.

## COUNT II

12.     Dywidag repeats and incorporates by reference herein its responses to the averments in Paragraphs 1 through 11 of the Amended Complaint, inclusive, as if specifically set forth herein.

13.     Dywidag is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 13 of Count II of the Amended Complaint and, therefore, denies same.

14.     Dywidag denies the averments contained in Paragraph 14 of Count II of the Amended Complaint as if specifically set forth herein.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Dywidag upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery, in whole or in part, against Dywidag on a theory of negligence because the alleged losses were proximately caused by the negligence of the plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag because his alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Dywidag bears no responsibility.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag because the conduct of persons other than Dywidag was the sole proximate cause of plaintiff's alleged injures and damages.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag because plaintiff's alleged losses were caused by the acts or omissions of persons for whose conduct Dywidag is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery to the extent that the plaintiff, William B. Egan, III, failed to take reasonable steps to mitigate his alleged losses.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag because his alleged losses were caused by misuse of the product.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

## NINTH AFFIRMATIVE DEFENSE

Dywidag specifically reserves the right to assert additional affirmative defenses as they become known to it.

## TENTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for breach of contract against Dywidag as there was no consideration for the obligations that the plaintiff seeks to enforce.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against Dywidag by the doctrine of laches or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of waiver or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations and/or statute of repose.

## RESERVATION AND NON-WAIVER

Dywidag reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**JURY DEMAND**

Dywidag demands a trial by jury on all counts so triable.

WHEREFORE, Dywidag, having responded to the Amended Complaint, prays

unto the Court as follows:

1. That all claims against Dywidag be dismissed with prejudice;

2. For recovery of its costs and attorneys' fees, to the extent permitted by

   law; and

3. For all other relief deemed just and appropriate by this Court.

<div style="margin-left:40%">

DYWIDAG SYSTEMS INTERNATIONAL,
U.S.A., Inc.
By its attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION,


James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

</div>

DATED: September 27, 2004

## CERTIFICATE OF SERVICE

I certify that on September ___, 2004, a true copy of the above document was sent by first class mail, postage prepaid to the following counsel of record:

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171

William J. Dailey, III, Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA  02108



Kathleen M. Guilfoyle