UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1: 04 CV 117721-RGS

WILLIAM B. EGAN, III,

    Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,

    Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

INTRODUCTION

This case arises out of an industrial accident on June 29, 2002 in Boston, Massachusetts. The plaintiff, William B. Egan, III ("Egan") was then working for Modern Continental Construction Company, Inc., on a construction site commonly referred to as the Central Artery Tunnel project ("CA/T project"). On March 8, 2004 Egan brought suit in the Massachusetts Superior Court against Bechtel Corporation ("Bechtel") and Parsons, Brinckerhoff, Quade and Douglas, Incorporated ("Parsons-Brinckerhoff"), the general contractors for the CA/T project. Discovery disclosed that Dywidag Systems International, U.S.A., Inc. ("Dywidag") was also liable to Egan, who amended his Complaint. On August 9, 2004 Dywidag removed the case to this court under 28 U.S.C. §1441[1] *et seq.* Egan now seeks to remand the case to state court.

---

[1] In pertinent part, § 1441 provides as follows:

STANDARD OF REVIEW

Because it raises federalism concerns, removal jurisdiction is strictly construed. Any ambiguities are construed against removal, and all doubts are to be resolved against federal jurisdiction. *Addison v. Grillot Land & Marine, L.L.C.*, 2002 U.S. Dist. Lexis 10827 (E.D. La. 2002); *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.* 105 F. Supp. 2d 1336 (N.D. Ga. 2000); *Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316 (D. Mass. 2003).

The reasons for strict construction of removal statutes include: (1) removal jurisdiction, particularly when based on diversity, is in derogation of State sovereignty; (2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; and (3) 28 USCS § 1446 (b) is a statute of repose, requiring prompt resolution of a right of removal so that trial of the lawsuit is not unduly delayed. *Richmond, F.& P.R.Co. v. Intermodal Services, Inc.* 508 F. Supp. 804 (E.D. Va. 1981). For these reasons, this court should remand this matter.

ARGUMENT

Dywidag's notice of removal is based on diversity. This court, however, would have had jurisdiction over this case originally, as there was diversity between the plaintiff, Bechtel, and Parsons-Brinkerhoff. Those defendants, however, chose not to remove the case to this court.

---

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a) (b). Commissioner of Labor v. Dillard's, Inc., 83 F. Supp. 2d 622 (M.D.N.C. 2000).

Dywidag's removal, therefore, was improper as its right to do so expired with its co-defendants' failure to do so timely.

That is, this court has no jurisdiction because the first-served defendants failed timely to remove the case under § 1446. Sub-section (b) states a petition for removal must be filed within thirty days after service of a summons upon the defendant. In cases such as this, involving multiple defendants, the thirty-day clock starts to run upon service on the first defendant (provided the case is then removable). Here it was. *Getty Oil Corp. v. Insurance Company of North America, et al*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988), citing *Brown v. Demco, Inc., et al*, 792 F.2d 478 (5th Cir., 1986). The plaintiff served Bechtel with process on March 15, 2004 and Parsons-Brinkerhoff on March 16, 2004. Thus the 30-day clock ran out on April 15, 2004, at the latest.

A defendant who does not timely assert the right to remove loses that right. *Id.* Under that rule, Dywidag, as a later-served defendant, had no ability to remove the case since the thirty-day period had run with respect to Bechtel and Parsons-Brinkerhoff. *Swanston v. TAP Pharm. Prods. (In re Pharm. Indus. Average Wholesale Price Litig.)*, 307 F.Supp. 2d 190 (Dist. Mass. 2004). Had Dywidag's involvement created federal jurisdiction, removal would have been proper. *Davidson v. Life Ins. Co.*, 716 F. Supp. 674 (D. Mass. 1989). Because this case was removable when filed, however, Dywidag's notice is untimely. Accordingly, this Court should remand the case. *Id.*

After the thirty-day removal period runs, the right is only revived by a later pleading that changes the nature of the litigation, such that the case is "substantially a new suit begun that day." *Davidson v. Life Ins. Co.*, 716 F. Supp. 674 (D. Mass. 1989), citing *Wilson v. Intercollegiate (Big Ten) Conference*, 668 F.2d 962, 965 (7th Cir. 1982). Dywidag's presence in the case does not change the essential nature of the litigation. *Davidson, supra.* The March, 2008 Complaint and the July, 2004

Amended Complaint are substantially similar. *Gorman v. Abbott Laboratories*, 629 F. Supp. 196 (D.R.I. 1986).

## CONCLUSION

For the reasons outlined about, this Court should remand this matter to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.

Respectfully submitted,
William B. Egan, III,
By his attorneys,

_____
Thomas R. Murphy, BBO No. 546759
**GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.**
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

DATED: Nov. 3, 2004