UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM B. EGAN, III )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BECHTEL CORPORATION, )<br>PARSONS, BRINKERHOFF, QUADE )<br>AND DOUGLAS, INCORPORATED, and )<br>DYWIDAG SYSTEMS )<br>INTERNATIONAL )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.: 04-11721-RGS |

### DEFENDANT DYWIDAG SYSTEMS INTERNATIONAL, U.S.A., INC.'S OPPOSITION TO PLAINTIFF WILLIAM EGAN, III'S MOTION TO REMAND

On March 8, 2004, plaintiff William B. Egan, III ("the plaintiff") commenced this personal injury action against defendants Bechtel Corporation ("Bechtel") and Parsons, Brinkerhoff, Quade and Douglas, Incorporated ("Parsons Brinkerhoff") (collectively referred to as the "initial defendants") in Suffolk Superior Court. Four months later, and prior to the completion of any formal discovery, the plaintiff amended his complaint to add Dywidag Systems International, U.S.A., Inc. ("Dywidag") as a defendant. Within thirty days of service of the amended complaint, and with the consent of the initial defendants, Dywidag removed the case to federal court. The plaintiff has moved to remand the case on the ground that the removal was untimely as it was filed more than thirty days after the complaint was served on the initial defendants. Dywidag opposes the motion on the ground that there is Massachusetts federal caselaw which supports its right to remove. Moreover, no discovery has taken place in this case, there have been no

substantive court proceedings and, therefore, the removal cannot be viewed as an attempt to forum shop, nor would the removal result in any delay or inefficiency.

## FACTS

This civil action arises out of personal injuries allegedly sustained by the plaintiff, in an industrial accident on or about June 29, 2002. At the time of the accident, the plaintiff was an employee of Modern Continental Construction Company working on the Central Artery Tunnel Project. Specifically, the plaintiff alleges that he sustained permanent injuries while using thread bar stressing equipment manufactured by Dywidag. The plaintiff allegedly sustained fractures of the temple and facial area, and a plate had to be inserted in the upper lip and right cheek. On March 8, 2004, the plaintiff commenced this action against the initial defendants. Although there was complete diversity of citizenship, the initial defendants did not attempt to remove the case to federal court. On or about July, 1, 2004, the plaintiff amended his complaint to add Dywidag as a defendant. The amended complaint was served on Dywidag, via certified mail, on July 7, 2004.

On August 4, 2004, and with the consent of the initial defendants, Dywidag removed this case to the federal court. The removal petition was based on complete diversity of citizenship of the parties and an amount in controversy in excess of $75,000. At the time of the removal, no discovery responses had been exchanged by the parties, no depositions had been taken, and no discovery deadlines were imminent.

On November 2, 2004, the plaintiff filed a motion to remand the case to Suffolk Superior Court.

## ARGUMENT

I.  **The Right of Later Named Defendants to Remove a Case to Federal Court After Thirty Days Has Been Recognized by the Massachusetts Federal Courts.**

The crux of the plaintiff's motion to remand is that Dywidag's right to remove the case to federal court expired thirty days after the initial defendants were served in March 2004. Under that theory, the failure of the initial defendants to opt for removal, foreclosed the right of Dywidag, the later named defendant, to opt for removal. In making this argument, the plaintiff ignores the Court's ruling in Garside v. Osco Drug, 702 F. Supp. 19 (D. Mass 1988).

In Garside, the plaintiff commenced a products liability action against manufacturers of amoxicillin and Osco Drug, which sold the product, for severe injuries arising out of the plaintiff's reaction to the amoxicillin and Phenobarbital. Over four years after the suit was filed, the plaintiff amended her complaint to add as a defendant, McKesson Corporation ("McKesson"), the company that produced the Phenobarbital and distributed it to Osco Drug. Within thirty days of being served with the amended complaint, McKesson removed the case to federal court with the consent of the other defendants and without opposition from the plaintiff. McKesson later moved to remand the case to Superior Court on the basis that its removal petition was untimely and the motion was denied. Specifically, the Court held that "a subsequently served defendant has thirty days to seek removal even though its co-defendants may be time-bared from doing so." 702 F. Supp. at 22. In its decision, the Court noted that it was adopting "the more practical and enlightened" approach to this issue. Id. Applying the Court's ruling in Garside to the undisputed facts of this case, Dywidag's removal was timely and proper.

Moreover, the Massachusetts cases cited by the plaintiff in support of its motion to remand are inapposite. For example, in <u>Swanson v. TAP Pharmaceutical Products, Inc.</u>, 307 F. Supp. 2d 190 (D. Mass. 2004), the motion to remand was granted because not all of the defendants had consented to the removal, not because of the timing of the motion. In <u>Davidson v. Life Insurance Company of North America,</u> 716 F. Supp. 674 (D. Mass. 1989), the case was remanded because the defendant had not removed the case within thirty days after service and then it tried to revive its right after an amended complaint had been filed changing the claims against it. In this case, all of the defendants have timely consented to the removal and Dywidag has never argued that its addition to the case has changed the nature of the litigation.

II.  **The Removal of the Case by Dywidag Cannot be Construed as Forum Shopping Nor will it Result in the Delay or Inefficient Resolution of this Matter.**

The main purposes of the thirty-day limitation that the plaintiff seeks to have the court impose in this action are: (1) to prevent forum shopping based on a "wait and see approach" and (2) to avoid the expense, delay and inefficiency of recommencing a case in federal court after it has already been the subject of substantial state court proceedings. <u>Wilson v. Intercollegiate (big Ten) Conference Athletic Association,</u> 668 F.2d 962 (7th Cir. 1982). Dywidag's timely removal was filed prior to the completion of any formal discovery by any party in this action, before any court hearings had been held in the case, and well before any scheduled court appearances in the state court. Therefore, the rationale in support of remand is simply not applicable here.

WHEREFORE, Dywidag Systems International, U.S.A., Inc. respectfully requests that the plaintiff's motion to remand the case to state court be denied.

"REQUEST FOR ORAL ARGUMENT"

DYWIDAG SYSTEMS INTERNATIONAL,
U.S.A., Inc.
By its attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, PROFESSIONAL CORPORATION,


/s/ Kathleen M. Guilfoyle
James M. Campbell (BBO# 541882)
Kathleen M. Guilfoyle (BBO# 546512)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000


CERTIFICATE OF SERVICE

I, Kathleen M. Guilfoyle, counsel for the defendant Dywidag Systems International, U.S.A., Inc., hereby certify that I have this 16th day of November, 2004, forwarded copy of the within document, via first class mail, postage prepaid to the following counsel of record:

Thomas R. Murphy, Esq.
Giarrusso, Norton, Cooley & McGlone, P.C.
Marina Bay
308 Victory Road
Quincy, MA  02171

William J. Dailey, Jr., Esq.
Sloane & Walsh
Three Center Plaza
Boston, MA  02108


/s/ Kathleen M. Guilfoyle
Kathleen M. Guilfoyle