UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11721-RGS

WILLIAM B. EGAN, III

v.

BECHTEL CORPORATION, PARSONS,
BRINKERHOFF, QUADE AND DOUGLAS, INCORPORATED and
DYWIDAG SYSTEMS INTERNATIONAL

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO REMAND

November 19, 2004

STEARNS, D.J.

On March 8, 2004, plaintiff William Egan filed this industrial accident suit against defendants Bechtel Corporation and Parsons, Brinkerhoff, Quade and Douglas, Inc., in the Massachusetts Superior Court. Although the parties were diverse, neither defendant sought to remove the case to federal court. On July 1, 2004, plaintiff amended the complaint to add Dywidag Systems International, U.S.A., Inc. (Dywidag), as a defendant. Dywidag was served with the Complaint on July 7, 2004. On August 4, 2004, with the consent of the initial defendants, Dywidag (also a diverse party) removed the case to the federal district court. Plaintiff now seeks an order of remand, arguing that the 30-day time frame for removal provided by 28 U.S.C. § 1446(b) expired on April 15, 2004, and that Dywidag's notice of removal was therefore untimely.

The 30-day removal period under 28 U.S.C. § 1446(b) begins to run from the time

a defendant receives notice of a removable claim by way of formal and proper service.[1] Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-354 (1999).  In a multi-defendant case, the traditional view construes the 30-day rule strictly – if the first-served defendant declines or neglects to seek removal, a subsequent defendant served outside the 30 day window may not remove the case, even with the consent of the first-served defendant.[2]  See, e.g., Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1263-1264 (5th Cir. 1988).  However, since Murphy Brothers, an "emerging view" holds that fairness requires that late-served defendants be given 30 days from the date of service to file a notice of removal (so long as all of the earlier-served non-filing codefendants consent) in order that their removal rights not be compromised.  16 Moore's Federal Practice, § 107.30[3][a][i], at 163-164 (3d ed. 2000).  See Marano Enters. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 755-757 (8th Cir. 2001) (predicting with Moore's that in light of Murphy Brother's, the Supreme Court would abandon the strict view for the emerging one).[3]  Like the Eight Circuit, I find "neither position particularly compelling," but I agree with the Eight Circuit's Murphy Brother's prediction.[4]

---

[1] The one-year limitation in 28 U.S.C. § 1446(b) on the removal of diversity cases is not implicated.

[2] Some courts carve out an equitable exception where service is deliberately delayed by a plaintiff as part of a stratagem to defeat removal.

[3] The Sixth Circuit has also embraced the emerging view.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000).  Numerous district courts have weighed in on the issue without any consistent result.  No First Circuit opinion, to my knowledge, addresses the issue.

[4] Another influential treatise, 14C Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3732, at 337, 339 (3d ed. 1998), takes the (pre-Murphy

ORDER

For the foregoing reasons, plaintiff's motion to remand is DENIED.

SO ORDERED.

s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

Brother's) position that to deprive a late-served defendant of the opportunity to persuade earlier served but non-removing defendants that it is in the collective interest to remove the case is "unfair."