UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:04 CV 117721-RGS

WILLIAM B. EGAN, III,
    Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,
    Defendants.

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P. 26(a)(1) AND MASSACHUSETTS LOCAL RULES 26.1(B) AND 26.2(A)

The plaintiff William B. Egan, III ("Egan"), pursuant to Local Rules 26.1(B) and 26.2(A), and Fed.R.Civ.P. 26(a)(1), hereby discloses the following information:

### GENERAL LIMITATIONS AND EXCEPTIONS

1. These initial disclosures are made upon a good faith review of information reasonably available to the Plaintiff at this time. These initial disclosures are based upon information that has been discovered by the Plaintiff as of this date.

2. The Plaintiff will withhold documents and information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

3. The Plaintiff, in making his initial disclosures, does not in any way waive: (I) the right to object on the grounds of relevancy, materiality, competency, privilege, immunity from disclosure, hearsay, or other proper grounds; (ii) the right to use any disclosed information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (iii) the right to object on any

1

grounds at any time to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. In addition, the Plaintiff reserves objections to any requests for documents or information that are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

4. By making these disclosures, the Plaintiff does not represent that he is identifying every document, tangible thing, or witness possibly relevant to this action. Rather, the Plaintiff has exercised due and reasonable diligence in making his initial disclosures, and reserves the right to amend, correct, or supplement his responses when and if additional requested documents or information are located by, or their contents become known to, the Plaintiff. The Plaintiff further reserves the right to assert an applicable objection to the disclosure of any such additional documents or information. All of the disclosures set forth below are made subject to the above objections and qualifications.

## INITIAL DISCLOSURES

I. <u>Persons With Relevant Discoverable Information</u>

The following individuals are reasonably likely to have discoverable information relevant to the claims alleged in the Complaint or the defenses of the Defendant. By making the foregoing disclosures, the Plaintiff does not represent that the individuals named should be deposed. The Plaintiff reserves the right to object to the depositions of these persons.

1. William Blaise Egan, III, 87 River Street, Middleboro, MA 02346

The plaintiff possesses information regarding the facts and circumstances surrounding his accident of June 29, 2002; certain equipment ("VSL") to be used on the project which he was using at the time of the accident; defendants' failure properly to instruct, oversee, warn and supervise employees on the project, including the plaintiff, as to the proper

2

method of using, installing, maintaining, calibrating, recording, and connecting the couplings with the VSL; and the damages he has suffered as a result of the defendants' conduct.

2. Bechtel Corporation ("Bechtel"), 50 Beale Street, San Francisco, California

3. Parsons, Brinckerhoff, Quade and Douglas, Incorporated ("Parsons-Brinckerhoff"), One Penn Plaza, New York, New York

4. Bechtel and Parsons-Brinckerhoff/Joint Venture ("Joint Venture"), One South Station, Boston, Massachusetts

5. Dywidag Systems International ("DSI"), 116 South River Road, Suite D4, Bedford, NH 03110

The defendants, Bechtel, Parsons-Brinckerhoff, Joint Venture and DSI, possesses information regarding: the contract(s)/agreement(s) entered into between and among themselves including for the provision of certain equipment ("VSL") to be used on the project which Mr. Egan was using at the time of the accident; information including but not limited thereto, conversations, promises, agreements, representations and warranties made pursuant to the terms of the contract(s)/agreement(s); how the VSL was used to attach certain couplings to connect various components of sections of roadway on the project; and the instruction, oversight, warning and supervision of employees on the project, including Mr. Egan, as to the proper method of using, installing, maintaining, calibrating, recording, and connecting the couplings with the VSL.

6. Barry Kirk, Ohio

7. Derek Angelo, Hingham, MA

8. Curtis Mulliner

Messrs. Kirk, Angelo and Mulliner were members of the construction work crew with whom plaintiff was working on June 29, 2002 at and before the time of the alleged accident, and may possess information regarding the equipment used on the project; how the VSL was

3

used to attach certain couplings to connect various components of sections of roadway on the project; and the instruction, oversight, warning and supervision of employees on the project, including Mr. Egan, as to the proper method of using, installing, maintaining, calibrating, recording, and connecting the couplings with the VSL.

9. Bob Santos

10. Danny Fico

Messrs. Santos and Fico may have information pertaining to any instructions, directions, and/or training plaintiff may have received with respect to the work he was performing at and about the time of the alleged accident.

II. <u>Document Categories/Locations</u>

The Plaintiff provides the following general descriptions of categories of documents in his possession, custody or control, which may be relevant to the claims as alleged in the Complaint or the defenses thereto of the Defendants:

1. Joint Venture Agreement between Bechtel and Parsons-Brinckerhoff;

2. Photographs;

3. Plaintiffs' medical records and bills.

III. <u>Computation of Damages</u>

The plaintiff has sustained lost wages and incurred expenses for medical care and treatment related to the accident. Plaintiff shall produce all documents and other evidentiary material that is not privileged or protected from disclosure on which computation of his damages is based. Plaintiff has sustained ongoing physical, mental and emotional injuries, computation of which damages are appropriate for jury evaluation.

IV. <u>Insurance Agreement</u>

This required disclosure is inapplicable to the plaintiff in this case, as there is no counterclaim alleged against him.

4

V.      Amendment and Supplementation

Plaintiff reserves the right to amend, correct or supplement these disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. The Plaintiff has not completed his investigation of the facts relating to this case. The above disclosures, therefore, are provided without prejudice to the right of the Plaintiff to identify additional witnesses or produce evidence at trial regarding any subsequently discovered documents or information.

Respectfully submitted,
William B. Egan, III,
By his attorneys,

_____
Thomas R. Murphy, BBO No. 546759
**GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.**
Marina Bay
308 Victory Road
Quincy, MA 02171
(617) 770-2900

**CERTIFICATE OF SERVICE**

I, Thomas R. Murphy, attorney for the plaintiff, hereby certify that on this _eighth_ day of _June, 2005_, I served a copy of the within **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P. 26(a)(1) AND MASSACHUSETTS LOCAL RULES 26.2(A) AND 26.1(B)** upon counsel for the defendants by mailing a copy hereof first class mail, postage prepaid directed to:

| | |
|---|---|
| William J. Dailey, III, Esquire | Kathleen M. Guilfoyle, Esquire |
| SLOANE & WALSH | Campbell, Campbell, Edwards & Conroy |
| Three Center Plaza | One Constitution Plaza |
| Boston, MA 02108 | Boston, MA 02129 |

_____
Thomas R. Murphy

5