UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1: 04 CV 117721-RGS

WILLIAM B. EGAN, III,

    Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,

    Defendants.

**PETITION FOR APPROVAL OF THIRD-PARTY SETTLEMENT AND DISMISSAL
OF PLAINTIFF'S CLAIMS AGAINST ALL PARTIES**

Now come the parties and jointly petition the court, pursuant to G.L. c. 152, § 15, respectfully requesting that it approve the following proposed settlement in this case. The parties have been able to negotiate a good faith compromise of all claims, and any potential cross-claims, before completing discovery. This proposed settlement will end this litigation in its entirety.

    I.    STATEMENT OF THE CASE

On June 29, 2002 William B. Egan, III ("Egan") claims he sustained a work-related accident when a barjack marketed and leased by the defendant, Dywidag Systems, International, U.S.A., Inc. ("Dywidag") kicked back and struck him in the face. At the time he claims he was working on a bridge assembly of the Central Artery Tunnel project, allegedly overseen by the defendants, Bechtel Corporation and Parsons, Brinkerhoff, Quade and Douglas, Inc. ("BC/PBQD"). After his accident, Egan was taken to the Massachusetts General Hospital where he underwent surgical reconstruction

of his facial bones. Were the case to go to trial he would proffer evidence that he was out of work for approximately two months, had a lost earning capacity of approximately $15,000, and incurred medical expenses of approximately $36,000.

Egan alleges that all three defendants were negligent in providing equipment which was defective, failed, and struck him in the face. He also claims multiple facial fractures requiring open reduction and internal fixation of the those fractures. Dywidag and BC/PBQD for their part, have steadfastly denied any liability for Egan's alleged accident. Moreover, they would not only contest any duty owed to Egan but proffer evidence of his comparative negligence. All things considered, including the uncertainties of a jury trial, Egan, Dywidag and BC/PBQD have reached the following proposed settlement which they ask the court to approve.

## II. BREAKDOWN OF PROPOSED SETTLEMENT

The plaintiff and the defendants have negotiated a settlement to resolve all claims, and any potential cross-claims, in the amount of $70,000; consisting of $20,000 from Dywidag and $50,000 from BC/PBQD. Additionally, Egan's Worker's Compensation carrier has agreed to waive its statutory lien of $42,466. The parties incorporate by reference herein the attached agreement for Lump Sum.

a.  <u>Settlement Itemization:</u>

| | |
|---|---|
| Total Settlement | $70,000.00 |
| - Attorney's Fee(33.33%): | - 23,333.33 |
| Balance | $46,666.67 |
| - Litigation Expenses | -   2,385.59 |
| | $ 44,281.08 |
| - Compensation Lien Reimbursement: | -        0.00 |
| **Net settlement to Egan** | **$ 44,281.08** |

WHEREFORE, the parties respectfully request this Court's approval of this settlement.

## III.    AUTHORIZATION OF SETTLEMENT BY WILLIAM B. EGAN, III

I, William B. Egan, III, do hereby depose and state that:

1. I have read the above terms of this settlement, which my lawyer has explained to me and I understand, and by my signature hereby authorize this settlement which I ask this Court to approve.

2. I understand that if the Court approves this settlement, then it will extinguish my right to bring any claims against these defendants for damages due to my accident of June 29, 2002.

3. I understand that in that case I will not be allowed to bring any other claims against these defendants for any claims I may have now or in the future arising out of my accident of June 29, 2002.

4. I understand that if the court approves this settlement, I will not be able to reopen this case against these defendants under any circumstances so as to seek additional monies from them.

5. I understand that if the court approves this settlement, my attorneys will receive a ⅓ attorneys' fee, which amounts to $23,333.33, in accordance with the attached Contingent Fee Agreement.

6. I understand that if the court approves this settlement, my attorneys will receive reimbursement for litigation expenses totaling $2,385.59 as shown in the attached itemization.

7. I understand that if the court approves this settlement, I will receive $44,281.08 as the net amount of the settlement.

9. I am satisfied with this settlement and I respectfully ask this Court to approve it.

Signed under the pains and penalties of perjury this _____ day of _____, 2006.

_____
William B. Egan, III

Then, personally appeared William B. Egan, III and stated to me that the foregoing was signed as his free act and deed.

_____
Notary Public
My Commission Expires:

The Plaintiff,                                   Defendants,
William B. Egan, III,                            Bechtel Corporation, Parsons,

| | |
|---|---|
| By his attorneys, | Brinkerhoff, Quade and Douglas, Inc.<br>By their attorneys, |
| /s/ Thomas R. Murphy<br>Robert W. Norton, BBO No.: 550492<br>Thomas R. Murphy, BBO No.: 546759<br>GIARRUSSO, NORTON, COOLEY<br>    & McGLONE, P.C.<br>Marina Bay<br>308 Victory Road<br>Quincy, MA 02171<br>Tel: 617-770-2900 | /s/  William J. Dailey, III<br>William J. Dailey, III, BBO No.: 558837<br>SLOANE & WALSH<br>Three Center Plaza<br>Boston, MA 02108<br>Tel: 617-523-6010 |
| Counsel for AIG Claims Service, Inc.<br>Worker's Compensation Carrier for Egan | Defendant,<br>Dywidag Systems International, U.S.A., Inc. |
| /s/ Eugene M. Mullen, Jr.<br>Eugene M. Mullen, Jr., BBO No.: 551777<br>MULLEN & McGOURTY<br>52 Temple Place, 4Th Floor<br>Boston, MA  02111<br>Tel: 617-338-9200 | /s/ James M. Campbell<br>James M. Campbell, BBO No.:  546512<br>Kathleen M. Guilfoyle, BBO No.: 546512<br>CAMPBELL, CAMPBELL,<br>EDWARDS & CONROY<br>One Constitution Plaza<br>Boston, MA  02129<br>Tel: 617-241-3000 |