UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1: 04 CV 117721-RGS

WILLIAM B. EGAN, III,

   Plaintiff,

v.

BECHTEL CORPORATION,
PARSONS, BRINKERHOFF, QUADE
AND DOUGLAS, INCORPORATED, and
DYWIDAG SYSTEMS
INTERNATIONAL,

   Defendants.



FILED IN
OPEN COURT
7/27/06

Allowed. K.?. Stearns DJ 7-27-06

## PETITION FOR APPROVAL OF THIRD-PARTY SETTLEMENT AND DISMISSAL OF PLAINTIFF'S CLAIMS AGAINST ALL PARTIES

Now come the parties and jointly petition the court, pursuant to G.L. c. 152, § 15, respectfully requesting that it approve the following proposed settlement in this case. The parties have been able to negotiate a good faith compromise of all claims, and any potential cross-claims, before completing discovery. This proposed settlement will end this litigation in its entirety.

   I.   STATEMENT OF THE CASE

On June 29, 2002 William B. Egan, III ("Egan") claims he sustained a work-related accident when a barjack marketed and leased by the defendant, Dywidag Systems, International, U.S.A., Inc. ("Dywidag") kicked back and struck him in the face. At the time he claims he was working on a bridge assembly of the Central Artery Tunnel project, allegedly overseen by the defendants, Bechtel Corporation and Parsons, Brinkerhoff, Quade and Douglas, Inc. ("BC/PBQD"). After his accident, Egan was taken to the Massachusetts General Hospital where he underwent surgical reconstruction

of his facial bones. Were the case to go to trial he would proffer evidence that he was out of work for approximately two months, had a lost earning capacity of approximately $15,000, and incurred medical expenses of approximately $36,000.

Egan alleges that all three defendants were negligent in providing equipment which was defective, failed, and struck him in the face. He also claims multiple facial fractures requiring open reduction and internal fixation of the those fractures. Dywidag and BC/PBQD for their part, have steadfastly denied any liability for Egan's alleged accident. Moreover, they would not only contest any duty owed to Egan but proffer evidence of his comparative negligence. All things considered, including the uncertainties of a jury trial, Egan, Dywidag and BC/PBQD have reached the following proposed settlement which they ask the court to approve.

## II. BREAKDOWN OF PROPOSED SETTLEMENT

The plaintiff and the defendants have negotiated a settlement to resolve all claims, and any potential cross-claims, in the amount of $70,000; consisting of $20,000 from Dywidag and $50,000 from BC/PBQD. Additionally, Egan's Worker's Compensation carrier has agreed to waive its statutory lien of $42,466. The parties incorporate by reference herein the attached agreement for Lump Sum.

    a.    <u>Settlement Itemization:</u>

| | |
|---|---|
| Total Settlement | $70,000.00 |
| - Attorney's Fee(33.33%): | - 23,333.33 |
| Balance | $46,666.67 |
| - Litigation Expenses | - 2,385.59 |
| | $ 44,281.08 |
| - Compensation Lien Reimbursement: | - 0.00 |
| **Net settlement to Egan** | **$ 44,281.08** |

WHEREFORE, the parties respectfully request this Court's approval of this settlement.

III.   AUTHORIZATION OF SETTLEMENT BY WILLIAM B. EGAN, III

I, William B. Egan, III, do hereby depose and state that:

1. I have read the above terms of this settlement, which my lawyer has explained to me and I understand, and by my signature hereby authorize this settlement which I ask this Court to approve.

2. I understand that if the Court approves this settlement, then it will extinguish my right to bring any claims against these defendants for damages due to my accident of June 29, 2002.

3. I understand that in that case I will not be allowed to bring any other claims against these defendants for any claims I may have now or in the future arising out of my accident of June 29, 2002.

4. I understand that if the court approves this settlement, I will not be able to reopen this case against these defendants under any circumstances so as to seek additional monies from them.

5. I understand that if the court approves this settlement, my attorneys will receive a ⅓ attorneys' fee, which amounts to $23,333.33, in accordance with the attached Contingent Fee Agreement.

6. I understand that if the court approves this settlement, my attorneys will receive reimbursement for litigation expenses totaling $2,385.59 as shown in the attached itemization.

7. I understand that if the court approves this settlement, I will receive $44,281.08 as the net amount of the settlement.

9. I am satisfied with this settlement and I respectfully ask this Court to approve it.

Signed under the pains and penalties of perjury this 27 day of July 2006.

_____
William B. Egan, III

Then, personally appeared William B. Egan, III and stated to me that the foregoing was signed as his free act and deed.

_____
Notary Public
My Commission Expires: 2/28/07

-3-

| | |
|---|---|
| The Plaintiff,<br>William B. Egan, III,<br>By his attorneys,<br><br>*/s/ Robert W. Norton/*<br>Robert W. Norton, BBO No.: 550492<br>Thomas R. Murphy, BBO No.: 546759<br>GIARRUSSO, NORTON, COOLEY<br>  & McGLONE, P.C.<br>Marina Bay<br>308 Victory Road<br>Quincy, MA 02171<br>Tel: 617-770-2900 | Defendants,<br>Bechtel Corporation, Parsons,<br>Brinkerhoff, Quade and Douglas, Inc.<br>By their attorneys,<br><br>*ASSENT VIA TELEPHONE*<br>William J. Dailey, III, BBO No.: 558837<br>SLOANE & WALSH<br>Three Center Plaza<br>Boston, MA 02108<br>Tel: 617-523-6010 |
| Counsel for AIG Claims Service, Inc.<br>Worker's Compensation Carrier for Egan | Defendant,<br>Dywidag Systems International, U.S.A., Inc. |
| *ASSENT VIA TELEPHONE*<br>Eugene M. Mullen, Jr., BBO No.: 551777<br>MULLEN & McGOURTY<br>52 Temple Place, 4Th Floor<br>Boston, MA 02111<br>Tel: 617-338-9200 | *ASSENT VIA TELEPHONE*<br>James M. Campbell, BBO No.: 546512<br>Kathleen M. Guilfoyle, BBO No.: 546512<br>CAMPBELL, CAMPBELL,<br>EDWARDS & CONROY<br>One Constitution Plaza<br>Boston, MA 02129<br>Tel: 617-241-3000 |

# CONTINGENT FEE AGREEMENT

The Client, **William B. Egan, III** of Middleboro, MA , on this  sixth  day of August, 2002 retains Attorney Robert W. Norton, **GIARRUSSO, NORTON, COOLEY & McGLONE, P.C.**, Marina Bay, 308 Victory Road, Quincy, MA 02171 ("Attorney"), to perform the legal services described in Paragraph (1) below.  The attorney agrees to perform them faithfully and with due diligence.

(1)  The claim, controversy, and other matters with reference to which the services are to be performed are:  a claim for personal injuries arising out of an accident on **June 29, 2002** against any and all co-tortfeasors.

(2)  The contingency upon which compensation is to be paid is the recovery (by verdict, compromise, settlement or otherwise) of money, property of any description, or any other thing of value.

(3)  The client is not to be liable to pay compensation otherwise than from amounts collected for him by the attorney, except as follows:  Out of pocket expenses.

(4)  Reasonable compensation on the foregoing contingency is to be paid by the client to the attorney, but such compensation (including that of any associated counsel) is **thirty-three and one-third percent (33 1/3%)** of gross recovery, plus out of pocket expenses as partially described in #5, including interest and **forty (40%) percent** if settlement or judgment occur after appeal is filed.

(5)  The client is, in any event, to be liable to the attorney for his reasonable expenses and disbursements, including, but not limited to, all expenses in the engaging of investigators and expert witnesses, delivery charges, deposition expenses (including transcript costs and court reporter's fees, court costs, witness fees), facsimile, filing fees, mileage, postage, photocopying services, and toll calls.

(6)  If the attorney is discharged by the client prior to the conclusion of this representation, the attorney is entitled to be then compensated for his reasonable expenses and disbursements.  Further, the attorney is to be compensated for the fair value of the services rendered to the client up to the time of discharge.

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adapted by the Massachusetts Supreme Judicial Court.

**I HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.**

Witness to Signature:

_Marilyn Norton_
(To Client)

_Marilyn Norton_
(To Attorney)

_William B. Egan, III_
William B. Egan, III

By: _[signature]_
Robert W. Norton

I acknowledge Receipt of a copy of the foregoing:   _William B. Egan, III_
William B. Egan, III

## Giarrusso, Norton, Cooley & McGlone
Marina Bay
308 Victory Road
Quincy, MA 02171
Federal Tax I.D. No. 04-3196133
(617) 770-2900

---

*Invoice submitted to:*
William Egan
87 River Street
Middleboro MA 02346


July 19, 2006

In Reference To:  Egan / 3rd
                  Date of Loss:  June 29, 2002

Invoice #  12981

   Additional Charges :

|  |  | Qty/Price | Amount |
|---|---|---:|---:|
| 8/18/2002 FIRM | Special Security Consultants - investigation & photos | 1<br>100.00 | 100.00 |
| 3/5/2004 FIRM | Suffolk Superior Court filing fee | 1<br>275.00 | 275.00 |
| 6/14/2004 FIRM | ENT Specialists, Inc. - Medical records and bills | 1<br>5.00 | 5.00 |
| FIRM | Massachusetts General Hospital - Medical records and bills | 1<br>20.00 | 20.00 |
| 8/2/2004 FIRM | Massachusetts General Hospital - Medical records | 1<br>43.81 | 43.81 |
| 8/20/2004 FIRM | Photocopies | 12<br>0.20 | 2.40 |
| 10/31/2004 FIRM | LEXIS-NEXIS - legal research | 1<br>52.02 | 52.02 |
| FIRM | LEXIS-NEXIS - legal research | 1<br>71.36 | 71.36 |
| 11/17/2004 FIRM | John Adams, M.D. - Examination and Narrative Report | 1<br>750.00 | 750.00 |
| 1/18/2005 TRM | Train fare for Rule 16 conference | 1<br>13.00 | 13.00 |
| 10/24/2005 FIRM | John Adams, M.D. | 1<br>545.00 | 545.00 |

William Egan                                                                                     Page    2

|  | Qty/Price | Amount |
|---|---:|---:|
| 4/20/2006  FIRM  Absolute Delivery - courier | 1<br>24.75 | 24.75 |
| 4/21/2006  TRM  Parking and train fare for deposition | 1<br>16.00 | 16.00 |
| 5/3/2006  FIRM  Parking | 1<br>20.00 | 20.00 |
| 5/13/2006  FIRM  CJ Reporting - transcript deposition of William B. Egan, III | 1<br>434.25 | 434.25 |
| 7/27/2006  TRM  Train fare for Sec. 15 Petition hearing | 1<br>13.00 | 13.00 |
| **Total costs** |  | **$2,385.59** |
| Balance due |  | $2,385.59 |

FORM 117  **The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street - 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.state.ma.us/dia

**AGREEMENT FOR REDEEMING LIABILITY
BY LUMP SUM UNDER G.L. CH. 152
FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986**

DIA Board # (If Known):

Page 1 of 2
*Please Print or Type*

EMPLOYEE William B. Egan III             LUMP SUM AMOUNT   $        1.00

EMPLOYER Modern Continental Construction  TOTAL DEDUCTIONS  $        0.00

INSURER National Union Fire Ins. c/o AIGCS  NET TO CLAIMANT  $        1.00

BOARD NUMBER 27998-02                     TOTAL PAYMENTS    $       42,466.00
                                          (Weekly benefits plus lump sum)
DATE OF INJURY 6/29/02

---

CHECK WHERE APPLICABLE

(X)  Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( )  Liability has been established ONLY for the employee's facial fractures and NOT for the alleged cognitive or hearing losses claimed by the employee. Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)  In addition to the lump-sum, the insurer agrees to pay all outstanding reasonable and related medical bills incurred as of this date.
Insurer agrees to pay for reasonable, necessary and causally related medical treatment under §13 and §30 for outstanding medical bills relating to the employee's facial fractures only, and NOT for any medical treatment related to the employee's alleged cognitive or hearing losses

( )  The employee is currently receiving a cost-of-living adjustment.

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

|    | NAME | ADDRESS |
|---|---|---|
| 1. $ 0.00 | Robert Norton | Giarusso, Norton, Cooley & McGlone  309 Victory Road, Quincy, mA 02171 |
| Attorney's Fee 2. $ 0.00 | | |
| Attorney's Expenses 3. $ 0.00 | (Please attach documentation) | Dept. of Industrial Accidents |
| Liens 4. $ 0.00 | (Please attach discharges) | Conciliation Unit  ✓ Lump Sum Approved As Complete |
| Inchoate Rights 5. $ | (Please specify release) | ___ Agreement Approved  Date 5/10/06  Conciliator Cunningham |
| 6. $ | | |
| 7. $ | | |

(OVER)                                   Form 117 - Revised 8/2001 - Reproduce as needed.

AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT    (Page 2 of 2)

EMPLOYEE MEDICAL INFORMATION:

Age 35    No. of Dependents _____    Average Weekly Wage $ 1,638.70    Compensation Rate $ 882.57

Social Security No.* 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    Occupation Ironworker    Educational Background High school

On Social Security: YES( ) NO ( )

On Public Employee Disability Retirement: YES ( ) NO ( )

DIAGNOSIS multiple mid-facial fractures    PRESENT MEDICAL CONDITION Stable

Present Work Capacity: capable of modified work    Third Party Action Being resolved simultaneously with lump sum

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST* **(Specify all allocations):**

The employee is a 35 year old ironworker who was injured on June 29, 2002, when he was working on a project with a coupler joint which failed, causing the bar jack handle to be released striking the employee's face. The employee was taken from the worksite to Massachusetts General Hospital, where diagnostic testing revealed multiple facial fractures. The employee underwent surgery consisting of open reduction and internal fixation of the facial fractures and was released from the hospital on June 30, 2002.

The employee received treatment through the oral and maxillofacial surgery clinics at MGH through August of 2002 and returned to work for the same employer in a full duty capacity on August 25, 2002. Section 34 benefits were paid to the employee for the period of disability.

The employee recently filed a claim for payment of Section 36 benefits for scarring, disfigurement and loss of function as a result of this injury. The employee also alleged hearing and cognitive losses for which he claimed entitlement to Section 36 benefits. Prior to Conciliation on the employee's claim, the parties reached a resolution of the pending claim with an agreement to lump sum the case for $1.00 and have also agreed to execute a companion Agreement to Compensation, also attached, to pay the employee the amount of $20,000.00 for his losses for scarring, disfigurement and loss of function for the facial fractures sustained in this injury. The employee is expressly waiving any claims for cognitive or hearing losses as a result of the 6/29/02 injury. As part of this agreement, the Insurer is also waiving its statutory lien under §15 on the pending third party claim and is also waiving its right to any Hunter offset for any further medical payments. The parties believe that the settlement, and the companion Agreement to Compensation which has been negotiated, is an excellent resolution of the pending litigation and is in the employee's best interests. The parties respectfully request that the proposed lump sum settlement and the Agreement to Compensation be approved.

(Please attach a separate sheet if necessary.)

Received of National Union Fire Ins. c/o AIGCS    the Lump Sum of one dollar
_____ dollars and No _____ cents ($ 1.00 )
This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by William B. Egan III
on or about June 29, 2002    while in the employ of Modern Continental Construction
_____ I fully understand that after all of the deductions herein I will receive
$ 1.00    I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of English

|  | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | /s/ William B. Egan III | 87 River Street<br>Middleborough, MA | 02346 |
| CLAIMANT'S COUNSEL: | /s/ | 3008 Victory Road<br>Quincy, MA | 02171 |
| INSURER'S COUNSEL: | /s/ Jay M. Mullen Jr | 52 Temple Place,<br>Boston, MA | 02111 |

Signed this 10th _____ day of May _____ 20 06

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

# FORM 113



**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 113**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.state.ma.us/dia

## AGREEMENT TO PAY COMPENSATION

DIA Board # (If Known):

*Codes and instructions on the reverse side.*

**EMPLOYEE**

1. Employee's Name (Last, First, MI): Egan, William
2. Date of Birth: 10/13/70
3. Social Security Number*: 021 60 5156
3a. No. of Dependents:

4. Home Address (No., Street, City, State & Zip Code)
87 River St
Middleborough, MA 02346

5. Employer's Name & Address (No., Street, City, State & Zip Code):
Modern Continental Constructio
600 Memorial Drive
Cambridge, MA

6. Self Insured?: ☐ Yes ☒ No
If yes, Self-Insurer #:

7. Name of Workers' Compensation Insurance Carrier, Address and Tel. No. (NOT LOCAL AGENT/ADMINISTRATOR - See Instructions on reverse side):
National Union Fire Ins Co           617 457 6865
P.O. Box 52260
Boston, MA 02205

8. Claim Representative's Name & Telephone Number:
Penny L. Ogden
617 457 6865

9. Insurer's File Number: 390 014893

9a. Has liability been established? ☒ Yes ☐ No (See Reverse Side)

10. DATE OF INJURY (mm/dd/yyyy): 06/29/02

11. If Employee has Died, Date of Death (mm/dd/yy):

12. FIRST day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):

13. FIFTH day of Total or Partial Incapacity to Earn Wages (mm/dd/yyyy):

14. Briefly Describe How Injury/Exposure Occurred and Body Part(s) involved:
facial fractures

15. Injury Code(s)
a.      to body part    a.
b.      to body part    b.
c.      to body part    c.

Body Part Code(s)

16. Average Weekly Wage: $1638.70   ☒ Actual   ☐ Estimated

**THE PARTIES AGREE TO COMPENSATION IN ACCORDANCE TO THE FOLLOWING SCHEDULE:**

| 17. Type of Compensation | | Amount Paid to Date or One time Comp. Amount | Agreement Period From Date | To Date | Weekly Comp. Amount |
|---|---|---|---|---|---|
| A. ☐ Survivor's Benefits | (s.31) | $ | | | $ |
| B. ☐ Burial Expenses | (s.33) | $ | | | $ |
| C. ☐ Temporary, Total Incapacity | (s.34) | $ | | | $ |
| D. ☐ Permanent & Total Incapacity | (s.34A) | $ | | | $ |
| E. ☐ Partial Incapacity | (s.35) | $ | | | $ |
| F. ☐ Dependency Coverage | (s.35A) | $ | | | $ |

G. SPECIFIC PERMANENT INJURIES/SECTION 36. Please set out the subsection under M.G.L. c. 152 §36 and the amount of payment.
Sec 36 (k) & (j) $20,000 all claims for scarring, disfigurement, and loss of function as a result of the 06/29/02 injury

H. Other (specify):

Dept. of ~~Industrial~~ Accidents
Conciliatio~~n~~ ~~App~~roved As Complete

18. Insurer's Representative's Signature and Title:
*Jay M. Mullen*   Date 5/10/06   Agre~~ed~~

Conciliator *Kelly Cunningham*

19. Date (mm/dd/yyyy): 5-10-06

20. Name of Employee's Attorney:
Robert Norton

21. Attorney's Signature (if applicable):

22. Date (mm/dd/yy): 5/10/06

23. Employee's Signature (REQUIRED):
*William D. Egan*

24. Date (mm/dd/yyyy): 5/10/06

DIA USE ONLY- Do not write below.   APPROVAL FOR THE DEPARTMENT BY:
NAME: _____   TITLE: _____   DATE: _____

FORM 116B

**The Commonwealth of Massachusetts**
**Department of Industrial Accidents – Department 116B**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board # (If Known):

## ADDENDUM TO LUMP SUM SETTLEMENT AGREEMENT PURSUANT TO M.G.L. c. 398 § 75 OF THE ACTS OF 1991, EFFECTIVE DECEMBER 23, 1991 - VOCATIONAL REHABILITATION STATUS

Employee Name: _WILLIAM EGAN_    Board #: _27998-02_

**PART A**
Written consent of the Office of Education and Vocational Rehabilitation is not required as a condition precedent to the validity of the Lump Sum Agreement where:

PLEASE CHECK ONE:

[✓] No determination has been made with respect to the employee's suitability for Vocational Rehabilitation pursuant to G.L. c. 152, § 30G.

[ ] The employee has been found unsuitable by the Office of Education and Vocational Rehabilitation for Vocational Rehabilitation pursuant to G.L. c. 152, § 30G.

[ ] The employee has returned to continuous employment for a period of six months or more.

[ ] The employee has completed an approved rehabilitation plan.

Signed this _10th_ day of _MAY_ 20_06_

| SIGNATURE | ADDRESS |
|---|---|
| _William B. Egan_ | 87 River ST Middleboro Ma |
| CLAIMANT  _[signature]_ | 308 Victory Rd. Quincy, MA. 02171 |
| CLAIMANT'S COUNSEL _Jay M. Mullen Jr._ | 52 Temple Pl. Boston Ma 02111 |
| INSURER'S | |

**PART B**
Where the employee has been found suitable for Vocational Rehabilitation services pursuant to G.L. c. 152, § 30G and has not returned to continuous employment for a period of six or more months or completed an approved rehabilitation plan, the Office of Education and Vocational Rehabilitation may nevertheless consent in writing to the Lump Sum, or an administrative judge or administrative law judge, by order or decision may authorize such agreement. G.L. c. 152, § 48 (3). "Any employee who receives a [lump sum] amount in violation of [§ 48(3)] shall have the right to re-open his or her claim for compensation." Id.

**PART C**
Please note that when liability is established, the Lump Sum Agreement shall not redeem liability for the payment of medical benefits or vocational rehabilitation benefits with respect to such injury. An employee may seek vocational rehabilitation within two (2) years of perfection of the lump sum settlement. G.L. c. 152, § 48 (2).

Consented to: _____    Date: _____
*Office of Education and Vocational Rehabilitation*
OEVR Comments: _____

Order/Decision: _____
*Administrative Judge/Administrative Law Judge*

Reproduce as needed.    FORM 116B Revised 8/2001